**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA     :
                                     :

      vs.                         :     **CRIMINAL NO. 15-520**
                                     :

MARK WILKENS                 :

**DEFENDANT'S SENTENCING MEMORANDUM**

## I.     INTRODUCTION AND BRIEF PROCEDURAL HISTORY

On October 29, 2015, a grand jury in the Eastern District of Pennsylvania returned a six

count Indictment, charging the defendant, Mark Wilkens (hereinafter "Mr. Wilkens"),

with manufacturing child pornography in violation of 18 U.S.C. § 2251(a), 2251(e), five

counts and possession of child pornography, in violation of 18 U.S.C. §2252(a)(4)(b), 1

count. The instant offense occurred on various dates in 2010, 2014 and 2015 and was

investigated by the Philadelphia Police Department and the F.B.I. Mr. Wilkens was

detained by the Philadelphia Police Department on July 27, 2015 and questioned about

photographs that he had attempted to develop at a public kiosk in Walmart. These

pictures explicitly depicted prepubescent children, which were stored on SD cards. Mr.

Wilkens immediately admitted to taking the photographs for his personal use and sexual

gratification. Mr. Wilkens was released from custody and then subsequently detained by

the F.B.I on November 13, 2015.

## II.    PERSONAL CHARACTERISTICS OF MR. WILKENS

Mark Wilkens was born in Philadelphia, Pennsylvania and is 58 years old. He is one of three children. His father was an Executive Vice President of the "Bank of Pennsylvania" in Allentown, PA. His father died in 2013. His mother was a Senior Vice President at Oxford First Corporation finance company based in Cheltenham, PA. She still resides in Cheltenham and is 86 years old.

Mr. Wilkens attended the public school system and is a graduate of Cheltenham High School. Upon graduation Mr. Wilkens maintained a steady history of employment. He was previously employed by Blair Printing and Permalith Plastics.

Mr. Wilkens was married for 13 months and at which time his wife left him.

Mr. Wilkens had various physical and mental traumas as a child and later in life. He suffered from two severe head injuries, with one being a severe skull fracture. The latter injury caused him to have significant memory loss from his childhood. He also was a witness to the death of his sister in 1993 when she was struck by a car.

While incarcerated Mr. Wilkens has attended various classes and has engaged in group therapy.

Attached hereto and marked Exhibit "A" are character reference letters attesting to Mr. Wilken's character. It was embarrassing for Mr. Wilkens to have to explain his criminal behavior to his family and friends.

The letters are from his mother, Marie Wilkens, his sister, Joan Wilkens, his cousin Linda O'Brien, his cousin Robyn Barr, his friend Kirk Starr, and his cousin Robert Crook, Jr., and various inmates at the Federal Detention Center.

The letters from his family and friends detail his devotion and love for his family as well as his willingness to help others. The letters from fellow inmates also attest to Mr. Wilkens' helpfulness within the Detention and his love for his family.

## III.    SENTENCING STANDARDS SINCE *BOOKER*

The Sentencing Guidelines are a "Starting Point."

Although the Court must still correctly determine the sentencing guideline range, the sentencing guidelines are only one of seven factors considered under 18 U.S.C.A. 3553(a). The court must consider all the sentencing factors, and may not treat the guidelines as either mandatory or presumptively reasonable. *Gall v. U.S.* 552 U.S. 38, 51 (2009).    The court must "make an individualized assessment based on the facts presented" and "explain how the facts relate to the purposes of sentencing." *Kimbrough v. United States* 552 U.S. 85, 49-50, 53-60. The Guidelines are not only not mandatory on sentencing courts, they are not to be *presumed* reasonable." *Id.* at 352, 892 [emphasis in original][1] Referring to *Gall* and *Rita*, the Supreme Court reviewed sentencing in the larger context of 3553(a):

---

[1]    The Third Circuit applied this analysis in *U.S. v. Hinton,* 402 Fed.Appx. 730 (2010) unpublished opinion.

"We repeat that the presumption before us is an appellate court presumption.... [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 551 U.S., at 351, 127 S.Ct. 2456. And in *Gall v. United States*, 552 U. S.38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we reiterated that district judges, in considering how the various statutory sentencing factors apply to an individual defendant, "may not presume that the Guidelines range is reasonable." Instead, the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter. *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92. (2009)

Ultimately, the sentencing Court has an "overarching duty to impose a sentence that is sufficient but not greater than necessary to accomplish the goals of sentencing." *United States v. Pepper* 131 S.Ct. 1229, 1243 (2011).

In the current case, the court is justified in finding both that the sentencing Guidelines range is excessive as a matter of policy and as it applies to the individual case in light of the 3553(a) factors.

## IV.   GROUNDS FOR A DOWNWARD VARIANCE - REASONS FOR A SENTENCE WELL BELOW THE APPLICABLE GUIDELINE RANGE

### A.   Lack of prior Criminal Record.

The lack of a prior criminal record is a valid reason for a variance. In United States v. Huckins, 529 F. 3d 1312 (10th Cir. 2008), the defendant was convicted of

possession of child pornography and exposed to a 78 to 97 month guideline range. The court's variance to a sentence of 24 months was proper in view of the fact that it was the defendant's first conviction. See also, US v. Tomko, 562 F. 3d 558 (3rd Cir. 2009), a tax evasion case where the guideline range was 12 to 18 months and a variance was granted to one year of home detention. That variance was not unreasonable because the defendant had a minimal criminal record; US v. Hanson, 561 F. Supp. 2d 1004 (Ed. Wisc. 2008), a child pornography defendant exposed to a 210 to 262 month guideline range, a variance to 72 months was reasonable in view of the fact that he had no prior record and United States v. Smith, 275 Fed. Appx. 184, 2008 W.L. 1816564 (unpublished) where a child pornography defendant was exposed to a 78 to 97 month guideline sentence and a variance to 24 months was reasonable considering he had avoided violations of the law up to the age of 64.

In United States v. Baird, 580 F. Supp. 2d 889 (D. Nebraska 2008), the court sentenced the defendant well below the sentencing guideline range in a child pornography case in part because the defendant was examined by two mental health professionals, both of whom found that he was at low risk to re-offend and did not meet the diagnostic criteria for pedophilia.

> "... Further, the court has considered the defendant's history and characteristics. Baird has no criminal history points. He has had no previous contacts with the criminal justice system. He is intelligent and well educated... Importantly, he has been examined by two mental health professionals, both of whom find that he is at low risk to re-offend and

does not meet the diagnostic criteria for pedophilia. He is not a sexual predator. The probability of recidivism by this defendant is low. The court finds it unlikely that <u>Baird</u> will engage in this crime or any other criminal behavior in the future."

Thus, a person with past offenses who nevertheless is a criminal history category of -1- is materially different from a person with no criminal history at all.

The same is true in the instant case. Mr. Wilkens is a 58 year old man who has never had any contact with the Criminal Justice System. By all accounts he is a devoted and loving son and brother. He voluntarily sought treatment at the J.J. Peters Institute but was unable to complete it due to his incarceration. He is extremely remorseful for his actions and has sought group therapy while he has been incarcerated. This type of person is deserving of a substantial downward variance. See also, <u>United States v. Chapman,</u> 356 F. 3d 843 (8th Cir. 2004).

All of the aforementioned factors present in this case, that Mr. Wilkens sought help before and after his arrest; that he is remorseful; that he acknowledges the problem; has family support; and has no prior misconduct are valid grounds for the Court to consider in varying from the guidelines and determining what sentence is appropriate below the sentencing guideline range under 18 U.S.C. Section 3553(a)(1), history and characteristics of the defendant.

**B.    MR. WILKENS WAS SUBJECTED TO VARIOUS PYSHICAL
AND MENTAL TRAUMAS AS A CHILD AND ADULT**

Mr. Wilkens suffered from two incidents of severe head trauma as a child.  In the

second incident he was involved in a serious car accident in which he suffered a fractured

skull and was in a coma for a significant period of time.  A passenger, who was a friend

of his, was killed.  As a result of this incident Mr. Wilkens suffers from severe memory

loss of his childhood.  He claims to have little memory of his youth, of growing up, and

his family life prior to this car accident. The effect of this injury upon his criminal

conduct and his social dysfunction are unknown, but may have played a part in his

mental disorder and predilection towards young females.

When Mr. Wilkens was approximately 34 years of age, his sister Leslie, who was

his best friend, was struck and killed by a car when crossing the street.  Mr. Wilkens

witnessed this tragic accident, and asserts that it has caused him extreme depression and

feelings of guilt throughout his life.

**C.    THE CHILD PORNOGRAPHY SENTENCING GUIDELINES ARE
UNREASONABLE**

Much has been written about the excessive sentences called for in child

pornography cases by the Federal Sentencing Guidelines.

The argument here is threefold.  First, the guidelines have consistently been

increased over the years to a point where they are unreasonable.  Second, the application

of enhancements which really drive the height of the guidelines is further unreasonable. And third, the application of the sentencing guidelines to child pornography cases combined with the multiple enhancements that apply in almost every case render any sentence based on the guidelines excessive.

> ... "It is by now well understood that the district courts sentencing discretion includes the option to vary from the guidelines 'based on a policy disagreement with them, and not simply based on an individualized determination that yield an excessive sentence in a particular case'." United States v. Price, 775 F. 3d 828 (7th Cir. 2014), citing Spears v. United States, 555 U.S. 261, 264, 129 S. Ct. 840, 172 L. Ed. 2d 596 (2009) and referring also to Kimbrough v. United States, 552 U.S. 85, 109, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

The court went on to state:

> "But she (the district court judge) also exercised her discretion to consider the scholarly and judicial criticism of the guidelines for child pornography offenses, as she is permitted to do. She expressed substantial disagreement with the Second Circuit's opinion in United States v. Dorvee, 616 F. 3d 174 (2nd Cir. 2010), which explained that the guidelines in this area are not the product of the Sentencing Commission's empirical expertise but rather reflect directions from Congress to punish these crimes more harshly, (id. at 182). Dorvee also notes that Section 2G2.2, the guideline for possession of child pornography, calls for the application of multiple enhancements that apply in almost every case, making inadequate distinctions between the worst offenders and those who are less dangerous." (Id. at 186-87) (Emphasis added).

The total offense level in this case is a level 40. The base offense level is 32 for counts 1-5 with guidelines of 121 to 151 months. The base offense level is 18 for count 6 with guidelines of 27 to 33 months. The enhancements take the guideline range in this case from 121 to 151 months to 292 to 365 months.

While Mr. Wilkens has entered a guilty plea to the charges in this case and has accepted responsibility for his actions, it should be pointed out to the Court that Mr. Wilkens took these images for his own personal gratification. Mr. Wilkens did not engage in distribution of these images over the internet to others. He took pictures of children in public places without them knowing. He did not force or compel any children to engage in sex acts. This is significant because these children were not aware of the pictures being taken and were not subjected to physical or psychological harm. As such, Mr. Wilkens should not be subjected to the extremely high sentencing guidelines that apply to counts 1-5.

Thus, the application of these principles calls for a substantial downward variance in this case.

**F.      EXTRAORDINARY ACCEPTANCE OF RESPONSIBILITY**

On the day Mr. Wilkens was arrested, he immediately accepted responsibility, admitted that he possessed those images and admitted that he took them. When he was

arrested by the F.B.I., he also was extremely cooperative. He signed a Waiver of Rights Form and gave a complete and truthful statement.

In United States v. Pauley, 511 F. 3d 468 (4th Cir. 2007), the court had found that that defendant warranted a lower sentence because he was deeply remorseful and he was a good father and teacher outside of the criminal conduct at issue. In that case, Mr. Pauley was exposed to a sentence of 78 to 97 months and the court varied downward to 42 months.

The government may argue that many people who are arrested immediately plead guilty or it is not unusual for an individual who is arrested to admit their conduct and plead guilty but that argument, it is respectfully submitted, misses the point. To be sure, someone needs to be punished for their crime, but their conduct after being charged, if in the interests of justice and society, should also be rewarded. Mr. Wilkens has taken steps to improve himself after his arrest by the F.B.I. He has attended group therapy and is extremely remorseful for his actions. Those things that he has done are proper considerations for a downward variance.

## V.    CONCLUSION

For all of the foregoing reasons, the defense respectfully requests that the Court grant

downward variances from the otherwise applicable guideline range and sentence Mr.

Wilkens to no more than the mandatory minimum 15 years of incarceration.

Respectfully submitted,

William Davis, Jr., Esquire
11.3 N. Olive Street
Media, PA  19063
610-565-6760
Attorney for Defendant

John J. Flannery, Jr., Esquire
11.3 N. Olive Street
Media, PA  19063
610-565-6760
Attorney for Defendant

## CERTIFICATE OF SERVICE

We, William Davis, Jr., Esquire, and John J. Flannery Jr., Esquire hereby certify

that a copy of the Defendant's Sentencing Memorandum was forwarded by Electronic

Filing and e-mail to the individuals whose names and addresses are listed below:

The Honorable Cynthia M. Rufe
United States District Court
Eastern District of Pennsylvania
United States Courthouse
601 Market Street, Room 7614
Philadelphia, Pennsylvania 19106

Michelle Rotella, Esquire
United States Attorney's Office
 Department of Justice
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106-4476

Michael Lott, Probation Officer
United States Probation Office
Federal Office Building
600 Arch Street, Suite 2400
Philadelphia, Pennsylvania 19106

William Davis, Jr., Esquire
Attorney for Defendant

John J. Flannery, Jr., Esquire
Attorney for Defendant

Date: ___6/8/16___

# EXHIBIT A

The Honorable Cynthia M. Rufe
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia PA 19106-1797

**RE: USA v. Mark Wilkens**
    **No. 15-520**

May 24, 2016

Dear Judge Rufe:

I am writing to you about my son, Mark Wilkens, who be stand before you for sentencing on June 6,
2016. Other than the crimes for which is charged, I would like you to know about the boy and man I've
known since his birth. Mark is the youngest of my 3 children. His elder sister Joan is an RN at Jefferson
Hospital in Philadelphia. His other sister Leslie was killed getting hit by a car in 1993. She left 2 little
boys, Evan and Zakary. Evan died January 8, 2016. Leslie was Mark's best friend.

Mark was a gentle and caring boy who was never involved in any trouble. He was an approval-seeking
child who always wanted to help others. In high school he played ice hockey and chose to play goalie, a
protective position. The first day of summer vacation in 1968, Mark had a bicycle accident and had a
serious head injury and was in a coma for several days. He spent the summer recuperating and was very
quiet and fearful for a while. The second massive injury was an auto accident in October, 1975. Once
again Mark was in intensive care and in a coma. He developed memory loss and trouble concentrating.
Mark seems to have had arrested mental development and difficulty managing his daily life without help.
Mark was also affected by his father's early-onset Alzheimer's at age 55. It was very difficult for Mark to
see his father disappear a little every day. Because of his father's illness, Mark had been a most devoted
son, helping me in every way he could. To list what he did for me would take pages. Mark also was
traumatized by his divorce- his wife acknowledged she was gay and left him.

Mark was tested by a psychiatrist, Dr. Barry Zakireh. In the doctor's opinion, Mark would never touch or
hurt a child. Judge Rufe, as Mark's mother I beg you to have mercy on my gentle son, and if possible,
recommend that he be sent to Butner Federal Prison in North Carolina for his incarceration.

Thank you for your consideration in this matter.

Sincerely,

*Marie Wilkens*

Marie Wilkens
937 Gilbert Road
Cheltenham PA 19012
215-379-3620

The Honorable Cynthia M. Rufe
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia PA 19106-1797

**RE    USA v. Mark Wilkens**
     **No. 15-520**

May 24, 2016

Dear Judge Rufe:

My brother, Mark Wilkens will be in your court on June 6, 2016 for sentencing. I'm writing to you on his behalf to tell you something about Mark as I know him. Mark had 2 very serious head injuries, one at age 10 and the other at age 17. Both times he was in a coma. He became very depressed and withdrawn after the second accident, also developed memory loss and difficulty concentrating.

Though he had many problems, he has always been a thoughtful brother, very kind and helpful to me and others in the family, as well as friends and neighbors. He's also a gentle soul and would never harm anyone or anything. He suffered deeply at the accidental and sudden death of our dear sister Leslie, who was hit by a car in November, 1993. He also suffered through a painful divorce; his wife left him for a woman. We watched our father die slowly from early-onset Alzheimer's disease at age 83. His illness was very hard on Mark.

I've always known him to be troubled, but very kind and gentle. I plead for mercy for him; I fear he will not survive prison. I hear there is a good program for his problems at Butner Federal Prison in North Carolina. If possible, I would appreciate that you recommend he be sent there. Please be merciful, as Mark is really a child in heart and mind. I love him very much and pray for him every day.

Thank you very much for your time and consideration.

Yours sincerely,

*Joan Wilkens*

Joan Wilkens
937 Gilbert Road
Cheltenham PA 19012
215-379-3620

May 22, 2016

To The Honorable Cynthia Rufe

Dear Judge Rufe,

I am writing to you on behalf of my cousin, Mark Wilkens to ask you for leniency when passing down his sentence.

I have known Mark all of his life. He has always been a very sensitive child and his sensitivity has continued into adulthood. My interactions with Mark and my observations of him during family gatherings have been that of a very sensitive, gentle, kind and compassionate human being, always ready with a smile and welcoming greeting. I still believe that he embodies those traits though of course I don't condone what he has done.

I ask that you please consider Mark's mental health. Mark has suffered several severe head injuries, the first when he was very young. While riding his bicycle down a very steep hill, something got caught up in the tire and Mark flew head first over the handlebars. The second came on a rainy, autumn night when his car slid on wet leaves into a pole and again he suffered a head injury when he went head first through the windshield of the car.

I would hope his incarceration can take place at Butner in North Caroline where, I understand, they have a mental health facility which would be extremely beneficial to him, and that he be afforded any protection that may be available.

Thank you and I appreciate your thoughtful consideration.

Sincerely,

Linda O'Brien
318 Shepherd Lane
Shepherdstown, WV 25443

35 Village Drive
Lumberton, NJ 08048-4509
May 20, 2016

The Honorable Cynthia M. Rufe
U.S. District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street
Suite 12614
Phila, PA 19106-1797

Re: USAV. Mark Wilkens #No. 15-520

Dear Judge Rufe:

I am writing on behalf of Mark Wilkens and his family. Mark's life has been impacted in many negative
ways both physically and emotionally. As a teenager and young adult he suffered head trauma on at
least two occasions causing concussions and one time leading to him being in a coma. Emotionally; his
sister was tragically killed when hit by a car and he lost the love of his life, his wife, when she divorced
him to be with another woman. Mark became very withdrawn after the divorce and felt that no one
other than immediate family loved him. More recently he has lost his father and nephew.
News of Mark being arrested took my family by total surprise. Mark's mother (Aunt Marie) is my
mother's cousin but they consider themselves sisters. You could not ask for a kinder, gentler, giving
person than Aunt Marie. Aunt Marie took care of her husband for many years in their home as he went
through all the stages of Alzheimer's. Mark was her right arm. While she took care of his dad, Mark
took care of his mom. Whatever, whenever she needed him, he was there! After snow storms had
passed, but cars were still ordered off the streets, Mark would walk to his parent's house to shovel them
out and help with any tasks that needed to be done. He took care of the yard and all house up-keep.

When I heard of the arrest I immediately became concerned for my Aunt. How would she survive this!
With everything she had been through I truly thought this would be the end of her. She had buried a
daughter who left behind two grandsons that were limited in their visits with her as children. In
addition, she had not lost her husband that long ago. She is 86 years old how much can she take? Then
not long after Mark's arrest, the youngest son of her deceased daughter passed.

Mark had never been in any type of trouble before this. He was always giving of his time, kind and
extremely devoted to his mother. I hope and pray that as decisions are made in Mark's case that you
consider my Aunt. She is in the winter of her life, please show compassion toward her and Mark.

Sincerely,

Robyn J. Barr

Robyn J. Barr
(Mark Wilkens' second cousin)

5/21/2016

The Honorable Judge Cynthia Rufe

Your Honor...

I am writing to you on behalf of my dear longtime friend, Mark Wilkens. Mark comes before you shortly for sentencing.

I have known Mark as a friend for going on 35 years. Mark introduced me to his sister, Leslie, whom I was married to for 12+ years, until an unfortunate accident took her from me many years ago. He is godfather to one of my children.   We have remained best friends all this time.  He is the quintessential best friend – willing to give you the shirt off his back at any time and asking nothing in return.

He is a good fellow – would never hurt or cause harm to anyone for any reason – that is just not a part of his personae.

His incarceration has caused an enormous hardship for his mother, Marie Wilkens, with whom I have also maintained a relationship with. He is the cement that helps runs her household – doing the chores, lawn, shopping – all the things a very good son would do.

I do realize that Mark has some issues to deal with and has already taken steps to obtain help. He is extremely willing to overcome his demons by any means necessary. I do not believe that he would be able to get the assistance he requires by being in a federal, or any, facility.

His word and the love and understanding of his friends and family are the only things Mark has left.

He meant no harm by his misdeeds. He does not have it in him to so. He is a gentle man.

I am hopeful that you will provide some leniency when you make you decision regarding Mark's future. It is not very bright to begin with, and keeping him incarcerated for an extended period of time would serve no purpose and would most like, inhibit his desire to right himself. I also realize that your hands are tied somewhat, given the extent of his confessions and what the Federal sentencing guidelines mandate.

He, as well as his family and friends, are at your mercy and beg you to show compassion when your time to pass judgment arrives.

Many thanks for your time and understanding.

Sincerely,

Kirk D. Starr

May 10, 2016

The Honorable Cynthia M. Rufe
U.S. District Court
Eastern District of PA
U.S. Courthouse
601 Market St, Suite 12614
Philadelphia, PA 19106

RE:    U.S.A. vs Mark Wilkens

Dear Judge Rufe,
My Husband is a cousin of Mark Wilkens and his Mother Marie Wilkens. He has known Mark all of his life and is very close with the family. While we do not condone the things Mark has been charged with we do want to let you know that he has had to deal with many difficult situations in his life, including a divorce and the tragic death of his sister. Despite these hardships, Mark is a very dedicated and loving person. He has spent almost all of his free time helping to care for his ailing Father with Alzheimer's disease, the total care and maintenance of the grounds at his parent's house and has helped his Mother with many household chores.

When Mark heard that we needed help with our lawn care he immediately offered to come to NJ to help us. He spent long hours in very hot weather to help us get everything done and never complained.

Mark is dedicated and committed to his family and we know that the most difficult thing for him to deal with now is being separated from them. His mother is now 86 years old and it breaks her heart to think that she won't be able to see Mark and to be a part of his life if Mark is given a long sentence.

We are asking if you could please be lenient in his sentencing so that Mark, Marie & his sister Joan can be together again as a family and to help support Mark with his future.

Respectfully,

*Mrs. Robert Crook*

Mr. & Mrs. Robert Crook, Jr

To: The Honorable Judge Cynthia Rufe
From: Juan Alvarado  72329-066

My name is Juan Alvarado. I am writen
you this letter because I wanted to let
you know about Mark J. Wilkens.

Your Honor since I met Mr. Wilkens, he has
helped me alot mentally & even helped me be a
Better person. Let me explain. Last week
I lost someone that was really close to me.
That my emotions was on an up roar that I stop
truely carein about myself. I gave up on myself
Mark took upon hisself to extend his hand
to me & started speaking to me, because he saw
I was down & out. He is the reason I didn't give
upon myself & Brake down. Mr. Wilkens became
a close friend to me like a Brother from another
Mother. So please your Honor Know that for
me Mr. Wilkens is a great person.

Thank you.
From the Bottom
of my Heart for
Your time!

Juan Alvarado

To: Honorable Judge Cynthia Rufe

From: Abdullah Robinson #68220-066

Your Honor, I am writing you in regards to Mr. Mark Wilkens, Who is Scheduled to Appear before you Sometime Soon to Accept Sentencing for the Crime(s) that he's committed. I can honestly Say to you that he is absolutely remorseful for his Actions. When I first met Mr. Wilkens he was Suicidal, Depressed & Very Anti-Social, Me being Someone that Interacts With the people that are Classified As "Patients" Here On the Mental Health Unit. I would Say That Mark Is Making Major Progress & Is Coming to Accept his Responsibility & And Also Deeply Expresses how Apologetic he Is for the things he's done. He's a Great guy he loves to help people In any way he can & when he Isn't beating himself up he is a great help at helping with the next persons Problems.

To Sum it all up Your Honor I would like to Ask If you would take Into Consideration These things. Thanks In Advance for your Time.

Sincerely Yours

A. Robinson

To: The Honorable Cynthia Rufe
C/O: Erica D. Pratt

Your Honor, I would like to
write this letter on behalf of Mark
Wilkens who was my cellmate on
the Psych Ward at the Philadelphia
Federal Detention Center. Mark at
the core is a good person with a
kind heart. I witnessed him
showing Kindness and generosity
to fellow inmates on many occasions.
He did whatever he could to help
others any way possible.
        I can unequivocably say that
Mark Wilkens is extremely distraught
and remorseful for whatever crime
he committed. It bothers him
deeply and Mark has trouble eating
and sleeping. He constantly prays
to God and asks him for forgiveness.
        Mark is a loving and caring son
to his elderly mother. He is a fine
and upstanding brother to his
sister. He is a good Uncle and his
family means everything to him.
        Please give Mark Wilkens as
much leniency as you can. He
is trully sorry for his misdeeds.
        Sincerely,
                Frank Morelli
                71345-066

To: The Honorable Judge, Cynthia Rufe

Your Honor, Please take into account the following information concerning Mark Wilkens, who is in F.D.C. with me.

First of all, I am glad to call him a true friend. Mark cares about other people and goes out of his way to do whatever he can to make things better for them.

Mark is sorry for his crime and repents many times for his actions. I have witnessed Mark's kindness to other inmates many times. People like Mark are rare in prison.

Your Honor, if you could find it in your heart to consider the good that Mark has done outweighs the bad. Everyone makes mistakes in life, some are greater than others. Mark Wilkens is a good man at the core. In my opinion Mark deserves the kindness he has given to others.

Respectfully,
Keith Ney

Dear Judge Rufe:

Your Honor, I have known Mark Wilkens for the several months he has been on unit 7south. I want to point out he is a man of decent feelings who is willing to reach out and help others despite his own problems.

I know he cares deeply for his family and has been very depressed much of his life. We have talked of growing up but he told me his memories are based on what his family told him due to a pair of head injuries - one around the age 10, the other around age 18 - that wiped out his memory.

Despite his depression, he has helped others with a ear to hear what they had to say or with extra items he had bought on commissary that they couldn't or wouldn't be able to afford.

In an environment that seems to create rivals and dislike, he stands out as a man who wants to help others as well as himself.

I hope that Your Honor will be able to see what a good heart this man has and how he is a good influence here and I have no doubt he would have a better influence in society with the love and support of his family.

Your Honor, please show your care for humanity by not on marking sure Mark can get the help he needs now, but can be released soon to continue his help and be a good and trusted member of society.

Thank you for your consideration and time.

Yours truly

MICHAEL TWAY SMITH
# 670 120 50

Dear Honorable Judge Rufe

I am writing to you to vouch for the character of Mark Wilkens, a fellow inmate in the Mental Health Unit at the F.D.C. Philadelphia

Mark stands tall among many patient inmates on the unit

Mark does what he can to help inmates who are depressed and "suicidal" helping them to cope with life in prison. Mark goes out of his way to help them with their daily needs, to sharing food from his commissary to lending a shoulder for them to cry on. Mark is a great help to all!

Mark is very well mannered to staff and inmates. He always mentions how sorry he is for what has got him arrested. He also mentions how great a family he is and how his family can find him. He has done many good deeds both in prison and in the outside.

Mark will make you proud if you give him a second chance to be a productive member of society.

Sincerely,

_____ _____

7 MAY 2016

DELVIN BARNES

INMATE NO. # 69490-066

PHILA. FEDERAL DETENTION CENTER

P.O. BOX 562

PHILA. PA. 19106


TO THE HONORABLE JUDGE CYNTHIA RUFE

RE: MARK WILKENS # 72650-066

I, DELVIN BARNES, AN INMATE AT
F.D.C.-PHILADELPHIA, AM WRITING THIS LETTER
FOR MR. MARK WILKENS (MY FRIEND SENT FROM
GOD), IN SUPPORT AND HOPES THAT HE (MR.
WILKENS) CAN HAVE A "FAIR" AND "JUST"
SENTENCING.

I KNOW THAT I AM AN INMATE
WHO COMMITTED A CRIME AND MR. WILKENS
IS AN INMATE ALSO, BUT WE BOTH ARE
CHILDREN OF GOD WHO LIVE BY THE "3"
MAIN SUBSTANCES OF LIVING WHICH ARE
HOPE, FAITH, AND LOVE.

I UNDERSTAND THAT WE MUST
HAVE CONSEQUENCES FOR OUR ACTIONS, BUT
THE TOOL OF "FAITH" MUST GUIDE US TO
SAY "YES" TO ANOTHER CHANCE. GOD GIVES
US INFINITE CHANCES FOR WE ALL ARE
SINNERS SAVED BY GRACE. EACH OF US IS
JUST ONE ACTION OR DECISION AWAY FROM
DESTROYING OUR LIVES. WE CANNOT CHANGE
WHAT HAS ALREADY HAPPENED, BUT WE CAN

(2)

RESPOND BETTER GOING FORWARD. MARK IS
VERY REMORSEFUL FOR HIS ACTIONS. I
AM NOT SAYING THIS JUST BECAUSE HE'S
MY FRIEND, BUT BECAUSE I CAN SEE IT
IN HIS EYES. HE "BUGS" ME EVERYDAY
ABOUT WHAT SHAME + GUILT HE HAS
BROUGHT TO HIS FAMILY + HIS COMMUNITY.
        I AM A BLACK MALE THAT
HAS RUN AFOUL OF THE LAW MANY TIMES
OVER MY YEARS AND AM PENDING A
NATIONAL CASE IN JUNE AND AM A
CHRISTIAN, SO IF I DIDN'T FEEL MR.
WILKENS WASN'T REMORSEFUL AND DESERVED
ANOTHER CHANCE, I WOULD NOT WASTE MY
TIME OR YOUR VALUABLE TIME (YOUR HONOR)
OF WRITING THIS CHARACTER LETTER.
        I AM THE HEAD INMATE
SUICIDE COMPANION HERE AT F.D.C. - PHILLY
AND USE TO BE IN THE MILITARY AND
WAS HOMECOMING KING + HELD A 3.7 G.P.A.
IN SCHOOL BEFORE MY CRIMINAL ACTIVITY
TOOK PLACE. BUT AM A CHILD OF GOD
THAT IS DOING WHAT GOD HAS GIFTED
ME TO DO AND THAT IS TO HELP
OTHERS (ESPECIALLY MY BROTHERS IN CHRIST)
        YOUR HONOR, I AM ASKING
YOU TO HAVE MERCY ON MR. WILKENS, AND
TO GIVE HIM A CHANCE WITH LENIENCY.
I LOVE MARK, FOR GOD SAID TO LOVE
THY NEIGHBORS AS THYSELF. I AM JUST
A NOBODY THAT IS DOING THE WORK
OF GOD.
        MR. WILKENS ADMITS AND IS REPENTFUL

(3)

FOR HIS CRIMES / ACTIONS AND KNOW THAT SUCH THINGS COULD NOT HAVE HAPPENED UNDER NORMAL CONDITIONS.

AS A COMPANION, I HAVE FOLLOWED UP WITH MARK SINCE HE CAME ON MY BLOCK (7 SOUTH) AT THE INSTITUTION OF PHILADELPHIA. WHEN MARK FIRST GOT HERE, HE WAS VERY SUICIDAL + VERY DEPRESSIVE AND HAD ASKED THE FOLLOWING QUESTION TO ME, HIS SELF + OTHERS → "WHAT HAVE I DONE"? I CAN RELATE TO HIS QUESTION. MARK IS A VERY GIVING, LOVING, RESPECTFUL AND FAMILY - ORIENTED PERSON AND HE LOVES HIS MOM DEARLY. HE ALSO HAS A LOT OF TALENT. AS A COMPANION, I INFORMED HIM THAT THERE IS MUCH THAT CAN BE ACCOMPLISHED NO MATTER ONE STATION OR LOCATION MAY BE. AS A PATIENT AND FRIEND, THRU GOD'S HELP, I HAVE BEEN ABLE TO MOTIVATE MR. WILKENS. HE HAS MADE ALMOST A TOTAL TRANSFORMATION. HE CARES ABOUT PEOPLE AND HE WANTS TO GIVE BACK TO SOCIETY AND HIS COMMUNITY. HE UNDERSTANDS THAT IT DOES NO GOOD TO WASTE ENERGY ON PAST DECISIONS THAT CANNOT BE UNDONE, BUT FOCUS ON REBUILDING HIS SELF - BODY, MIND AND SOUL THAT CAN HELP HIM FUNCTION MATERIALLY GOING FORWARD. I WILL VOUCHER FOR HIM AND HELP HIM AS MUCH AS I CAN GOING FORWARD.

SUMMARY / CONCLUSION

I BELIEVE WE ALL FALL, BUT WE CAN GET BACK UP AGAIN. I BELIEVE THAT WE MUST WEIGH OUR DECISIONS, BUT WHEN WE SEE A GLIMPSE OF

(4)

HOPE IN ANY SITUATION, THEN WE MUST
USE "FAITH" TO GUIDE US TO SAY
YES TO ANOTHER CHANCE. GOD GIVES
US SECOND, THIRD + INFINITE CHANCES.
HAVE MERCY + COMPASSION IN SENTENCING
MARK WILKENS, I ASK... PLEASE

" THE ABOVE WAS WRITTEN WITH
GUIDANCE FROM THE CREATOR (GOD)"


RESPECTFULLY WRITTEN:

X    Delvin Barnes

DELVIN BARNES
# 69490 - 066