**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION NO. 15-520** |
| | : | **CIVIL ACTION NO. 17-3077** |
| **MARK WILKENS** | : | |
| | : | |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                          **November 29, 2018**

Before the Court is Defendant Mark Wilkens' *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and the Government's Motion to Dismiss the same. After careful review of the filings, and for the reasons that follow, Defendant's ineffective assistance of counsel claim will be denied on its merits, and the government's motion to dismiss will be granted as to all other claims, which are barred by the collateral attack waiver in Defendant's plea agreement.

**I.    BACKGROUND**

On March 15, 2016, Defendant entered a guilty plea in this Court to five counts of manufacturing child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant pleaded guilty to taking inappropriate photographs of children on five separate occasions between August of 2010 and July of 2015, while working as a photographer for a local radio station's "Kids Corner" events for children.[1] Defendant admitted that he worked for the radio station for 26 years, and misused "his position as a photographer for the radio station to record children and

---

[1] Presentence Investigation Report, ¶¶ 19-27.

infants in sexually explicit positions as they bathed and changed in public."[2] Defendant also pleaded guilty to possessing pornographic photographs of children that he took from child pornography sites on the internet.[3]

The plea agreement, signed by Defendant, contained a provision waiving Defendant's right to collaterally attack his conviction, except for specifically delineated situations including raising a claim of ineffective assistance of counsel. After reviewing the plea agreement, including this provision, with Defendant, this Court accepted Defendant's guilty plea as knowingly and voluntarily entered.[4] Defendant was later sentenced to a mandatory minimum sentence of 180 months of incarceration, below the guideline range of 292 to 365 months.[5]

Defendant now challenges his conviction on four grounds: (1) his trial counsel was ineffective for failing to investigate diminished capacity and involuntary intoxication defenses, (2) the government failed to prove one of the elements of 18 U.S.C. § 2251(a), (3) the police violated Defendant's Fourth, Fifth, and Fourteenth Amendment rights when they searched Defendant's person and property, seized electronics and photographs, and interrogated him,[6] and (4) Defendant's conviction in this Court violated the double jeopardy clause of the Fifth Amendment in light of the prior state court proceedings based on the same conduct. The

---

[2] Guilty Plea Agreement [Doc. No. 24] ¶ 1.

[3] *Id.* ¶¶ 28-29.

[4] Tr. Change Plea Hr'g [Doc. No. 44–1] at 31–32, 17–18, 46.

[5] Judgment [Doc. No. 36] at 2; Presentence Investigation Report, ¶ 127; Def.'s Sentencing Mem. [Doc. No. 32] at 9.

[6] Specifically, Defendant alleges that his rights were violated when police obtained photographs Defendant attempted to develop at a Walmart, obtained surveillance video showing Defendant trying to develop photographs at a Walmart, searched Defendant's person and home, seized Defendant's phone, computer, documents, and photographs, and questioned Defendant. Mot. Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40] at 15-20. Defendant alleges that the police did not have a warrant when they searched his home and did not provide *Miranda* warnings before questioning him. *Id.*

government argues that each of these claims is barred by the collateral review waiver, and that Defendant's challenges are without merit even if not waived.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner serving a sentence in federal custody may petition the court which imposed the sentence to vacate, set aside, or correct the sentence by asserting that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[7] Relief under AEDPA is extraordinary and "generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[8] Claims of ineffective assistance of counsel are properly raised in a § 2255 motion.[9]

## III. DISCUSSION

### A. The Collateral Waiver Provision in the Plea Agreement

Through a plea agreement, a criminal defendant may "waive many of the most fundamental protections afforded by the Constitution," provided it is done knowingly and voluntarily.[10] A collateral attack waiver provision is valid where it is: (1) entered into knowingly

---

[7] 28 U.S.C. § 2255(a).

[8] *United States v. DeLuca,* 889 F.2d 503, 506 (3d Cir. 1989).

[9] *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the Defendant could have raised the claim on direct appeal.").

[10] *United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001) (internal quotation marks and citation omitted).

and voluntarily and (2) enforcement of the waiver does not work a miscarriage of justice.[11] "[A] court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it."[12]

At the change of plea hearing, the government summarized the terms of the plea agreement, including Defendant's agreement to waive his "rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to the prosecution" with certain exceptions,[13] and Defendant stated that he agreed to the terms of the plea as stated by the

---

[11] *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).

[12] *Id.* at 237–38 (citing *Khattak*, 273 F.3d at 563).

[13] The waiver provision in Defendant's plea agreement states as follows:

> In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.
>
> a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:
>
>   1) that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph three above;
>
>   2) challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;
>
>   3) challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and
>
>   4) that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

Guilty Plea Agreement [Doc. No. 24] ¶ 12.

4

government.[14] Defendant stated that he understood the rights he was giving up by pleading guilty, including the "right to file any appeal in this case or any later challenge, such as a habeas corpus motion to either vacate, set aside, or correct [Defendant's] sentence."[15] The Court found Defendant to be "fully alert," "competent," "fully capable of entering an informed plea," and that the plea was knowing and voluntary.[16]

Enforcing the waiver provision as to Defendant's claims that the government failed to prove each element of 18 U.S.C. § 2251, that Defendant's constitutional rights were violated when the police questioned him, searched his property, and seized his photographs and electronics, and that Defendant's conviction in this Court violated Defendant's Fifth Amendment protection against double jeopardy, would not result in a "miscarriage of justice." In determining whether enforcement of a waiver provision constitutes a miscarriage of justice, the court uses a "common sense approach" based on review of the underlying facts.[17] There is no list of circumstances that result in a miscarriage of justice, and the Third Circuit has instructed that courts should consider "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result."[18] A waiver is valid, not only for frivolous matters, but even

---

[14] Tr. Change Plea Hr'g [Doc. No. 44–1] at 17-18.

[15] *Id.* at 32.

[16] Defendant explained that at the time of the hearing, he was feeling "very good," he had enough time to confer with his attorney about the plea, his attorney fully explained his trial rights and the defenses he could bring to the charges, and he was satisfied with his attorney's legal assistance. Tr. Change Plea Hr'g [Doc. No. 44–1] at 10, 12–14, 46.

[17] *Mabry*, 536 F.3d at 242.

[18] *Id.* at 242–243 (quoting *United States v. Teeter*, 257 F.3d 14, 25–26 (1st Cir. 2001)).

where a Defendant seeks to appeal "difficult or debatable legal issues."[19] "Courts apply the miscarriage of justice exception sparingly and without undue generosity, but with the aim of avoiding manifest injustice."[20]

Defendant has not identified any "nonfrivolous ground, not covered by the waiver, for a … collateral attack."[21] Defendant does not allege that he was misled regarding his plea or that there were any constitutional problems with the process by which he pled guilty, and therefore, Defendant voluntarily and knowingly "acquiesced in the result."[22] Moreover, in light of his guilty plea, Defendant cannot now raise the claim that his constitutional rights were violated when the police searched his person and home, seized his electronics and pornographic

---

[19] *Khattak*, 273 F.3d at 562 (quoting *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999)).

[20] *United States v. Castro*, 704 F.3d 125, 136 (3d Cir. 2013) (internal quotation marks and citation omitted).

[21] *Mabry*, 536 F.3d at 243.

[22] Even if not waived, Defendant's claims that the government failed to prove an essential element of 18 U.S.C. § 2251(a) and that his conviction violated double jeopardy are without merit.

To prove a violation of § 2251, the government was not required to prove that Defendant engaged in sexual activity with a child as Defendant's petition argues. Courts have found surreptitious recordings of children engaging in non-sexual acts, like the photographs for which Defendant was charged, to constitute violations of § 2251. *See, e.g., United States v. Johnson*, 639 F.3d 433, 441 (8th Cir. 2011) (there was sufficient evidence to find that defendant "attempted to use the minors to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct" in violation of § 2551 when he secretly videotaped minor girls weighing themselves in the nude); *United States v. Knox*, 32 F.3d 733, 745–47 (3d Cir. 1994) (the element of "sexually explicit conduct" in § 2251 is "not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles") (internal quotation marks and citation omitted); *United States v. Clark*, No. 09-33, 2010 WL 3488138, at *5–7 (D. Del. Aug. 30, 2010) (a jury could have concluded defendant violated § 2251 where he hid a camera in a bathroom that recorded a young girl undressing in the bathroom).

Additionally, the related state court proceeding was withdrawn on December 10, 2015, after Defendant was indicted in this Court on October 29, 2015, and as no determination of Defendant's culpability was made in the state court proceeding, jeopardy did not attach. *Serfass v. United States*, 420 U.S. 377, 391–392 (1975) ("Without risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy"); Presentence Investigation Report, ¶ 98. Moreover, a "federal prosecution arising out of the same facts which had been the basis of a state prosecution is not barred by the double jeopardy clause." *United States v. Pungitore*, 910 F.2d 1084, 1105 (3d Cir. 1990); *see also United States v. Piekarsky*, 687 F.3d 134, 149 (3d Cir. 2012) ("a state prosecution does not bar a subsequent federal prosecution for the same conduct").

photographs, and questioned him. A guilty plea "is an admission of factual guilt so reliable that" it "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt."[23] Therefore, a defendant who voluntarily and knowingly enters a guilty plea "may not … raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[24] Defendant does not suggest that any of the constitutional violations he alleges influenced his decision to plead guilty, and, in light of his voluntary guilty plea, his conviction "does not rest in any way on evidence that may have been improperly seized."[25]

However, Defendant's claim of ineffective assistance of counsel is not explicitly exempted from the collateral attack waiver and will be considered on the merits.[26]

### B. Defendant's Ineffective Assistance of Counsel Claim

To prevail on a collateral attack based on ineffective assistance of counsel, a Defendant must demonstrate: (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial.[27] In determining whether counsel has satisfied the objective standard of

---

[23] *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975).

[24] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

[25] *Haring v. Prosise*, 462 U.S. 306, 321 (1983). Additionally, although Defendant argues that his property and home were searched without a warrant and that he was interrogated without *Miranda* warnings, at the change of plea hearing, he agreed that police had a warrant to search his house and cell phone, that he was advised of his *Miranda* rights when questioned by police, and that he executed a written waiver form waiving his rights. Tr. Change Plea Hr'g [Doc. No. 44–1] at 36-37. Defendant also appended the affidavit for the search warrant and the property receipt, which show that police searched his residence on July 28, 2015 *pursuant to a search warrant*, and the investigation interview record, which records that a detective gave Defendant *Miranda* warnings. Ex. 1 Mot. Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40] at 1-10 (emphasis added).

[26] *See* Guilty Plea Agreement [Doc. No. 24] ¶ 12(b)(4).

[27] *Strickland v. Washington*, 466 U.S. 668, 688–689 (1984).

7

reasonableness set forth in the first prong, courts must be highly deferential toward counsel's conduct.[28] To satisfy the prejudice prong, the defendant must show that, but for counsel's errors, the outcome of the proceeding would have been different.[29] Where, as here, a defendant pleads guilty, the second prong is modified so that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[30] "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."[31] Similarly, "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence," determining whether a defendant is prejudiced depends on whether the "discovery of the evidence would have led counsel to change his recommendation as to the plea."[32]

Defendant argues that his counsel was ineffective for failing to investigate potential diminished capacity and involuntary intoxication defenses. However, counsel cannot be ineffective for failing to explain a course of action that, like the potential defenses asserted by Defendant, would have no chance of success.[33] Defendant argues that his counsel should have pursued an involuntary intoxication defense based on his "substance abuse" which "could have

---

[28] *Id.* at 689.

[29] *Id.* at 694.

[30] *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

[31] *Id.*

[32] *Id.*

[33] *See id.*

8

by itself caused certain forms of organic brain damage."[34] Additionally, Defendant argues that he had a viable diminished capacity defense because he has poor memory due to head injuries, suffers from depression, has a history of marijuana and cocaine abuse, and that "credible testimony" from a psychologist or psychiatrist who worked with Defendant would report him to have "special needs."[35] However, Defendant's alleged issues with memory and depression would not have allowed him to defeat any of the elements of the crimes to which he pled guilty. Defendant has not alleged that he was intoxicated at the times of the offenses, which spanned five years, nor has he explained how his issues with memory or depression are exculpatory. In fact, at the plea colloquy, Defendant acknowledged his mental health issues,[36] and, despite these issues, explained that he discussed his plea agreement thoroughly with counsel and agreed to the government's factual proffer.[37]

The record also does not support a finding that the discovery of additional evidence related to these defenses would "have led counsel to change his recommendation as to the plea."[38] Although Defendant contends that his counsel failed to investigate his mental health issues, the record shows that, in the face of overwhelming evidence against Defendant,[39] counsel brought forth many of these issues in mitigation at sentencing, including obtaining many letters

---

[34] Mot. Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 40] at 5.

[35] *Id.* at 4-5.

[36] Defendant explained that he received outpatient treatment for mental illness, that he was taking medication for depression, and that the medication does not affect his ability to understand what he is doing. Tr. Change Plea Hr'g [Doc. No. 44-1] at 10-11.

[37] *Id.* at 13, 41.

[38] *Lockhart*, 474 U.S. at 59.

[39] Defendant agreed, at the plea colloquy, that he confessed to the crimes charged, to having hundreds of camera cards with inappropriate photographs of children, and that the photographs that the government seized, which form the basis of the charges against Defendant, belonged to him.

from family and friends,[40] and the Court imposed a sentence well below the guideline range.[41] Defendant failed to overcome the "strong presumption" that his counsel's actions fell "within the wide range of reasonable professional assistance" and were "sound … strategy."[42]

## IV. CONCLUSION

For the foregoing reasons, Defendant's ineffective assistance of counsel claim will be denied on its merits, and the government's motion to dismiss will be granted as to all other claims, which are barred by the collateral attack waiver in Defendant's plea agreement. An appropriate Order follows.

---

[40] *See* Def.'s Sentencing Mem. [Doc. No. 32] at 2, 7; Ex. A Def.'s Sentencing Mem. [Doc. No. 32].

[41] Presentence Investigation Report, ¶ 127; Def.'s Sentencing Mem. [Doc. No. 32] at 9 ("The enhancements take the guideline range in this case from 121 to 151 months to 292 to 365 months.").

[42] *Strickland*, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").